# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MARIA BANDA,** | § | **CIVIL ACTION NO. 4:16-cv-3497** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DR. MARK A. URBACH d/b/a** | § | |
| **URBACH PEDIATRIC DENTISTRY,** | § | |
| **PA; MARK A. URBACH, D.D.S., P.A.;** | § | |
| **and MARK A. URBACH DDS, INC.** | § | |
| **Defendant.** | | **A JURY TRIAL IS DEMANDED.** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, MARIA BANDA ("Banda"), by and through her attorney

Eddrea T. McKnight, and files Plaintiff's Original Complaint complaining of Defendant, DR.

MARK A. URBACH d/b/a URBACH PEDIATRIC DENTISTRY, PA; MARK A. URBACH,

D.D.S., P.A.; and MARK A. URBACH DDS, INC. (hereinafter "Urbach Pediatric Dentistry"),

and in support thereof would show the Court the following:

## I.
## NATURE OF ACTION AND RELIEF SOUGHT

1.  Plaintiff hereby demands a jury trial for any and all issues triable to a jury. The action seeks
    compensatory damages; back and front pay; punitive, liquidated and actual damages;
    declaratory and injunctive relief; any lawful interest; and attorney's fees, costs, and
    expenses due to Urbach Pediatric Dentistry's unlawful discrimination and retaliation
    against Plaintiff, as well as its pervasive and discriminatory employment practices,
    policies, and/or procedures. This is also a claim for unpaid wages pursuant to the Fair Labor

Standards Act ("FLSA") and an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations between the parties. Plaintiff is also seeking equitable and injunctive relief.

2.   Plaintiff alleges a continuing series of unlawful acts, including but not limited to: (1) race, national origin, and disability based discrimination; (2) hostile work environment; (3) retaliation for complaining of discrimination and hostile work environment; and (4) unfair wage practices.

## II.
## PARTIES

3.   Plaintiff Maria Banda is a Hispanic female from Mexico who has resided in Houston, Harris County, Texas since on or about 1985.

4.   At all times relevant, Plaintiff was employed by Urbach Pediatric Dentistry.

5.   Defendant is a private business entity and recipient of federal funds with its principal place of business in Houston, Harris County, Texas. It may be served with process by and through its registered agent, Dr. Mark A. Urbach at 4101 Greenbriar Street, Suite 120, Houston, Texas 77098.

6.   At all times relevant hereto, Defendant acted or failed to act, by and through its employees, agents, workmen, supervisors. At all times relevant hereto, Defendant was an employer.

7.   At all times relevant hereto, Defendant acted or failed to act through its authorized agents, servants, workmen, and employees who were at all times then and there acting within the course and scope of their authority and employment.

8.   The acts and failures to act complained of herein were allowed and only occurred because Defendant, as a matter of custom, policy and/or practice intentionally and deliberately failed to adequately train, supervise, discipline, or otherwise directs its management and

2

supervisors concerning employment discrimination, and as a further matter of custom, policy, and/or practice intentionally and deliberately failed to put in place, implement and/or establish management policies and procedures that would impact fairly upon all its employees, regardless of their gender or race, thereby causing encouraging, fostering, and fomenting the Defendant to engage in the unlawful and illegal conduct described herein.

## III.
## JURISDICTION AND VENUE

9.  This Court has jurisdiction of this case per 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

10. This Court has jurisdiction of this case under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"). At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

11. At all times hereinafter mentioned, Defendant maintained an enterprise engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

12. Venue is invoked pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff, at all times relevant, resided in this judicial district while employed by Defendant.

## IV.
## ADMINISTRATIVE PROCEDURES

13. Plaintiff timely filed charges of discrimination against the Defendant with the Houston District Office of the Equal Employment Opportunity Commission, Charge No. 460-2016-01133.

14. Plaintiff files this complaint within 90 days after receiving the notice of right to sue from the Equal Employment Opportunity Commission. The letter is dated August 30, 2016.

3

15. All conditions precedent have been met.

**V.**
**SPOLIATION**

16. Plaintiff hereby request and demands that Defendant preserves and maintains all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including business agreements, statements, photographs, videotapes, audiotapes, recordings, business records, financial records, bills, estimates, invoices, checks, measurements, equipment, correspondence, memoranda, files, facsimiles, email, voice mail, text messages, and any electronic image, digital data, or information related to the referenced incident and allegations herein. Failure to maintain such items will constitute "spoliation" of the evidence.

**VI.**
**FACTUAL ALLEGATIONS**

17. Defendant is a dentist who owns a pediatric dentistry practice in Houston, Texas.

18. Plaintiff began her employment with Urbach Pediatric Dentistry in October 2005 as a Chairside Dental Assistant and was constructively discharged on or about November 9, 2015.

19. Prior to working for Defendant, Plaintiff had over 15 years of experience in the dental industry.

20. At the time of discharge, Plaintiff was the most experienced Chairside Dental Assistant.

21. Plaintiff's job duties included, but was not limited to, assisting the hygienist with minor dental procedures, patient monitoring, case presentations, and applying sealants to patients.

*FLSA Claim*

22. At all times relevant hereto, Plaintiff performed work at the request of and under the control of Defendant.

23. In performing tasks, Plaintiff provided valuable services to Defendant.

24. Defendant accepted Plaintiff's services under such circumstances that Defendant reasonably knew that Plaintiff expected to be paid for her services.

25. At all times relevant hereto, Plaintiff's hourly rate was $27.00.

26. During one or more weeks of Plaintiff's employment with Defendant, Plaintiff worked in excess of 40 hours per week and did not receive overtime pay at a rate of not less than one and one-half times the regular pay rate..

27. At all times relevant hereto, Defendant knew of, approved of, and benefited from Plaintiff's regular and overtime work.

28. Plaintiff was not paid on a salary or fee basis, and did not ever serve in the capacity of executive, administrator, professional or outside sales representative, as those terms are understood pursuant to 29 C.F.R. §541.

29. Plaintiff routinely inquired about overtime and Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

30. Defendant's failure to pay Plaintiff was willful and in blatant disregard for Plaintiff's federally protected rights.

31. Defendant is liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation for the three-year period preceding the filing of this lawsuit as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

*Section 1981 of the Civil Rights Act of 1866*

32. Plaintiff is an immigrant from Mexico who identifies as Mexican.

33. Although Plaintiff was hired as a Chairside Dental Assistant and only qualified to perform tasks of a Chairside Dental Assistant, Plaintiff was expected to perform the job duties of the hygienists when interacting with Black children, Hispanic children, and Medicaid recipients, who were predominately Black and Hispanic, because of her ethnicity.

34. Over the course of nearly ten (10) years, Dr. Urbach and Rosetta Urbach—who acted as a manager in Dr. Urbach's absence—routinely made derogatory comments about Hispanics, specifically Mexicans, in Plaintiff's presence.

35. Defendant demanded that Plaintiff give white children preferential treatment over children who were Black, Hispanic, and recipients of Medicaid, who were also predominately Black and Hispanic.

36. Plaintiff was directed to assist Black and Hispanic children only in designated areas of Defendant's facility and to keep them separate from white patients.

37. The area designated for Black and Hispanic children was the same area that was designated for Medicaid patients.

38. This area was also the designated area in which Plaintiff was forced to work.

39. Dr. Urbach routinely refused to perform dental work on Hispanic children, Black children, and children who were recipients of Medicaid. Instead, they demanded that Plaintiff assist minority children.

40. Dr. Urbach routinely demanded that Plaintiff give white children priority over minority children, and Plaintiff was routinely directed to terminate assisting minority children to assist white children.

41. Rosetta Urbach implemented and enforced the same policies and procedures when supervising the office in Dr. Urbach's absence.

42. Rosetta Urbach expressly noted that she could not touch black children or Hispanic children, and reported Plaintiff to Dr. Urbach if Plaintiff refused to oblige to Rosetta Urbach's race-driven policies by placing a child of color in Rosetta Urbach's dental chair.

43. Whenever Plaintiff expressed discontent or disagreement with Dr. Urbach's policies and procedures for minority and Medicaid patients, Dr. Urbach ridiculed and called Plaintiff derogatory names.

44. Whenever Plaintiff expressed discontent or disagreement with Roseta Urbach enforcing race driven policies, Rosetta Urbach reported Plaintiff to Defendant and Defendant was consequently ridiculed and called derogatory names.

45. Consequently, Plaintiff's opportunities to learn and grow in the workplace were limited because her opportunities to assist the office's hygienists were hindered by Defendant's race-driven policies.

46. In an act of blatant retaliation, Plaintiff discovered that other Chairside Dental Assistants with less experience had received a pay increase of $10.00/hr to perform the same tasks that she had been performing.

47. In addition to giving preferential treatment to white children, Dr. Urbach gave preferential treatment to white employees. Specifically, Defendant required Plaintiff to find a replacement whenever she desired to use any vacation time or sick days, whereas white employees were not required to find a replacement to take time off from work.

48. In Summer 2015, Dr. Urbach demanded that another Hispanic employee find a summer intern who not black or Hispanic. Because said employee was unsuccessful finding an intern of the preferred race, Plaintiff was ridiculed and called derogatory names when she protested Dr. Urbach's racially geared policies and procedures.

49. Defendant prevented Plaintiff from full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

*Race and National Origin Discrimination under Title VII*

50. Paragraphs 32-49 are hereby incorporated by reference.

51. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute. Namely, Plaintiff is a Hispanic female from Mexico.

52. Defendant is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

53. Rosetta Urbach is an employee of Mark Urbach and also acted as Plaintiff's supervisor and was empowered by Defendant to take tangible employment action against Plaintiff including the authority to reassign plaintiff to a position with significantly different responsibilities.

54. Defendant intentionally discriminated against plaintiff because of her race and national origin in violation of Title VII.

55. Defendant created a hostile work environment through his discriminatory words and actions toward Plaintiff because of Plaintiff race and national origin. This conduct was so severe that it altered the terms and conditions of Plaintiff's employment and created an intimidating, hostile, and offensive work environment.

56. Defendant is directly liable because he took a tangible employment action against Plaintiff that significantly changed Plaintiff's employment status.

*The ADA Amendments Act*

57. In 2014, Plaintiff was diagnosed with Polycystic Ovary Syndrome.

8

58. Polycystic Ovary Syndrome is a medical condition found only in women of reproductive age that affects the endocrine system.

59. As a consequence of her illness, Plaintiff began experiencing heightened health challenges. Plaintiff experienced significant weight gain because a hormonal imbalance.

60. Defendant was aware that Plaintiff had been diagnosed with Polycystic Ovary Syndrome, and Plaintiff was regarded as disabled because she had to routinely take medication at work to manage her illness.

61. Consequently, Defendant would make humiliating and derogatory comments regarding Plaintiff's health challenges in the presence of other co-workers.

62. Defendant informed Plaintiff that she could not assist him in his working area because she was "too fat." Accordingly, Plaintiff was limited to only designated areas of the Defendant's office.

63. Defendant routinely told Plaintiff that she needed to "fix" her "hormones."

64. As a result of Defendant's discriminatory actions and words toward Plaintiff, Plaintiff's health challenges were intensified, and ultimately Plaintiff was forced to take a medical leave of absence.

65. At all times relevant hereto, Defendant acted intentionally, deliberately, maliciously and with willful disregard for Plaintiff's rights to be free from discrimination.

66. At all times relevant hereto, Defendant did not act in good faith, but rather with knowledge that its actions violated laws prohibiting discrimination.

67. The acts and failures to act of Defendant, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against Plaintiff, with respect to the terms and conditions of her employment because of her race and national origin.

9

68. The acts and failures to act of Defendant, by and through its supervisory agents, workmen, agents and employees, constituted an unlawful employment practice in that they discriminated against the Plaintiff, with respect to the terms and conditions of her employment because Plaintiff was treated less favorable or more harshly than white employees similarly situated to her.

69. At all times material hereto, Defendant acted or failed to act through its authorized agents, servants, workmen and employees who were at all times then and there acting within the course and scope of their authority and employment.

70. The acts and failures to act of Defendant constituted unlawful employment activities, which caused Plaintiff great harm, humiliation, and injury.

## VII.
## ATTORNEY'S FEES

71. Defendant's actions and conduct as described herein has required that Plaintiff retain the legal services of the McKnight Law Group, 7324 Southwest Freeway, Suite 1476, Houston, Texas 77074. Plaintiff seeks recover of reasonable and necessary attorney's fees.

## VIII.
## JURY DEMAND

72. Plaintiff hereby requests a trial by jury.

## IX.
## PRAYER

WHEREFORE, Plaintiff prays that this Honorable Court order the award of unpaid wages; a judgment declaring that Defendant's violations of the FLSA were willful; actual and compensatory damages; lost benefits; front pay; back wages; damages for mental anguish; and liquidated damages and exemplary damages to be determined by the trier of fact. Plaintiff also

prays for pre-judgment and post-judgment interest as well as costs and attorney's fees in this action; and other such relief in law and equity to which Plaintiff is entitled.

**Respectfully Submitted,**

The McKnight Law Group

*/s/ Eddrea T. McKnight*
Eddrea T. McKnight
State Bar No. 24077430
Federal ID No. 2338506
7324 Southwest Freeway
Suite 1476
Houston, TX 77074
P: 832-589-0508
F: 832-377-3740
emcknight@thatsmylawyer.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of November, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Eddrea T. McKnight*
Eddrea T. McKnight